# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MIGUEL ANTHONY BORQUE,

    Defendant.

Case No. 2:17-cr-00131-KJD-VCF

**ORDER**

    Presently before the Court are Defendant's Objections to Magistrate Judge's Order to Shackle Defendant (#29). The Government filed a response (#37) to which Defendant replied (#41).

**I. Background**

    On June 19, 2017, Magistrate Judge Carl Hoffman made an individualized determination regarding the shackling of Defendant prior to Defendant's Revocation of Pretrial Release. The Court ordered Defendant be restrained by leg restraints during the court proceeding. The Court heard Defendant's objections during the hearing, and Defendant now files the present objections to the Magistrate Judge's Order.

**II. Legal Standard**

    "A non-dispositive order entered by a magistrate must be deferred to unless it is 'clearly erroneous or contrary to law.'" Grimes v. County of San Francisco, 951 F.2d 236, 241 (9th Cir. 1991); 28 U.S.C. § 636(b)(1)(A). The clearly erroneous standard applies to factual findings, and the

contrary to law standard applies to legal determinations. Grimes, 951 F.2d at 240. A magistrate judge's order is "contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." U.S. v. Desage, 2017 WL 77415, at *3 (D. Nev. Jan. 9, 2017).

Section 636(b)(1)(A) states a judge may reconsider any pretrial matter upon a showing that the magistrate judge's order is clearly erroneous or contrary to law. Magistrate judges are given broad discretion and should not be overruled absent a showing of clear abuse of discretion. Anderson v. Equifax Info. Services, LLC, 2007 WL 2412249, at *1 (D. Or. 2007). As such, "[t]he reviewing court may not simply substitute its judgment for that of the deciding court." Grimes, 951 F.2d at 241 (citing U.S. v. BNS, Inc., 858 F.2d 456, 464 (9th Cir. 1988)); see also Merritt v. International Broth. of Boilermakers, 649 F.2d 1013, 1016-17 (5th Cir. 1981) ("Pre-trial orders of a magistrate under 28 U.S.C. § 636(b)(1)(A) . . . are not subject to a de novo determination as are a magistrate's proposed findings and recommendations under § 636(b)(1)(B).").

### III. Analysis

Defendant argues the Magistrate Judge's decision to place him in leg restraints was inconsistent with Ninth Circuit precedent U.S. v. Sanchez-Gomez, 85 F.3d 649 (9th Cir. 2017). Defendant relies on the following language in Sanchez-Gomez: "'In all [ ] cases in which shackling has been approved,' we have noted, there has been 'evidence of disruptive *courtroom* behavior, attempts to escape from custody, assaults or attempted assaults while in custody, or a *pattern* of defiant behavior toward corrections officials and judicial authorities.'" Sanchez-Gomez, 859 F.3d at 660 (quoting Gonzalez v. Pliler, 341 F.3d 897, 900 (9th Cir. 2003) (alteration in original)[1]).

---

[1] Gonzalez v. Pliler discussed whether forcing a prisoner to wear a stun belt during his trial violated his due process rights. The stun belt "delivers a 50,000-volt, three to four millampere shock lasting eight seconds." Id. at 899. Using a stun belt may have psychological consequences, and "may pose a far more substantial risk of interfering with a defendant's Sixth Amendment right to confer with counsel than do leg shackles." Id. at 900. Further, this Gonzalez language is quoted from Duckett v. Godinez, 67 F.3d 734 (9th Cir. 1995), a habeas case evaluating whether shackles had prejudiced the outcome of a sentencing hearing. In Duckett, the Ninth Circuit referred to the listed examples as "factors," and stated "[t]he trial court is not required to state on the record all its reasons for imposing shackles, nor must it conduct an evidentiary hearing on the issue of necessity before ordering the use of physical restraints." Id. at 749. Much like Sanchez-Gomez, the objections to shackling in Duckett were because "[t]here [was] no indication in the record that the court considered whether any less restrictive alternatives were available and would be adequate." Id. at 748.

2

Defendant argues "[t]hese are the circumstances the Court must find before shackling a defendant." (#29, at 5). However, narrowly focusing on only these examples mischaracterizes what Sanchez-Gomez requires.[2] The Ninth Circuit states it plainly:

> [W]e hold that if the government seeks to shackle a defendant, it must first justify the infringement with specific security needs as to that particular defendant. Courts must decide whether the stated need for security outweighs the infringement on a defendant's right. This decision cannot be deferred to security providers or presumptively answered by routine policies.

Id. at 666.

Defendant has twice received that which Sanchez-Gomez requires: "an individualized decision that a compelling government purpose would be served and that shackles are the least restrictive means for maintaining security and order in the courtroom." Id. at 661. As Defendant's Objections state, "Magistrate Judge Hoffman explained that he ordered leg shackles because [Defendant] was charged with obstruction of justice and fleeing from the scene of arrest and that these charges were part of the basis of revocation of [Defendant's] pretrial release." (#29, at 3). Further, on November 28, 2017, this Court made its own individualized determination regarding the use of shackles prior to Defendant's Change of Plea Hearing, stating, "Although the Court does not believe it is required to do so at this time, the Court has reviewed the Defendant's criminal history and finds that a compelling government purpose would be served and that leg shackles are the least restrictive means for maintaining security and order in the courtroom." (#55).

Lastly, Defendant's argument that Sanchez-Gomez requires a hearing prior to ordering a defendant shackled also takes the Sanchez-Gomez holding too far. The Ninth Circuit "has never held . . . that a trial court must conduct a hearing and make findings before ordering that a defendant be shackled." Jones v. Meyer, 899 F.2d 883, 886 (9th Cir. 1990). Sanchez-Gomez simply requires "an

---

[2] What the Ninth Circuit evaluated in Sanchez-Gomez was the practice of routine shackling without individual evaluation. It cited as examples judges issuing blanket decisions over multiple defendants who raised individual objections, such as "for the record, every defendant that has come out is in th[e] exact same shackling; so [counsel doesn't] have to repeat that every time," and a judge denying a defendant's motion to appear out of restraints "for all of the reasons previously stated" for a different defendant. Sanchez-Gomez, 859 F.3d at 654.

individualized showing of need" prior to shackling. Sanchez-Gomez, 859 F.3d at 662. The very nature of an individualized determination is that what is required to make that determination will vary depending on the specific defendant and facts before the court. Thus, the Magistrate Judge's finding possesses basis in law, and Defendant's Objections to Magistrate Judge's Order to Shackle Defendant are denied.

**IV. Conclusion**

Accordingly, IT IS HEREBY ORDERED that Defendant's Objections to Magistrate Judge's Order to Shackle Defendant (#29) are **DENIED**.

DATED this 27th day of February, 2018.

_____
Kent J. Dawson
United States District Judge